IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARTIN JACKSON, :

    Plaintiff, : Case No. 3:18-cv-251

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

    Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11); OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #12); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On September 4, 2019, the United States Magistrate Judge filed a Report and Recommendations (Doc. #11), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Plaintiff has filed Objections to the Report and Recommendations, Doc. #12, and Defendant has filed a Response, Doc. #13.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d

839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In this case, Plaintiff suffers from a seizure disorder, dislocation of left ring finger with residuals of multiple surgeries, right index finger trauma, anxiety, depression and alcohol abuse. Doc. #6-2, PageID##48-49. The ALJ found that he had the residual functional capacity to perform light work with certain restrictions, including "no more than occasional handling and fingering using the left upper extremity" and "no more than frequent handling and fingering using the right upper

extremity." *Id.* at PageID##55-56. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

If well-supported and not inconsistent with the other substantial evidence in the case record, a treating physician's opinion concerning the nature and severity of the claimant's impairments must be given controlling weight. *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). If the ALJ does not afford a treating source's opinion controlling weight, the ALJ must "must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Id.* at 385 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). The ALJ must give "good reasons" for rejecting the opinion of a treating source. *Id.*

Dr. Michael Rymer performed multiple surgeries on Plaintiff's left ring finger. Plaintiff reports continued constant pain and some swelling, but motion and stiffness improved following the last surgery. Plaintiff also sought treatment from Dr. Rymer after Plaintiff slammed his right index finger in a car door. That finger was not broken or dislocated, but Plaintiff did suffer a laceration and some bruising. Dr. Rymer noted that the wound had healed and that Plaintiff had improved joint

stiffness, intact sensation and tendon functioning. Nevertheless, Plaintiff maintains that he still suffers from pain in that finger. Dr. Rymer opined that Plaintiff should be limited to lifting 10 pounds occasionally and 0 pounds frequently, and should be limited to occasional gross and fine manipulation bilaterally.

The ALJ gave Dr. Rymer's opinion partial weight. Given the documented severity of Plaintiff's left ring finger injury, the ALJ gave significant weight to Dr. Rymer's opinion that Plaintiff should be limited to occasional use of the left hand for fine and gross manipulation. Doc. #6-2, PageID#62. However, because Dr. Rymer's opinion was issued shortly after Plaintiff slammed his right index finger in the car door, and because records show that the finger healed without surgery or other significant intervention, the ALJ found that a restriction of frequent fingering and handling with the right hand was appropriate.

The ALJ found that Dr. Rymer's opinion that Plaintiff should be limited to lifting 10 pounds occasionally was not supported by the record. Again, the ALJ noted that this opinion was issued shortly after Plaintiff injured his right index finger. The 10-pound restriction may have been appropriate at that time; however, the ALJ concluded that the "record simply does not document ongoing or additional objective or clinical findings consistent with significant limitations on the claimant's ability to lift and carry objects within the light exertional range." Doc. #6-2, PageID#62. The ALJ noted that "Dr. Rymer's records do not document observations of decreased or limited grip strength or ability and the claimant has not

complained of dropping things to Dr. Rymer." *Id.* at PageID#59. He further noted that "the record documents no muscle weakness or neurological symptoms that would reduce further the ability to perform the basic exertional requirement of light work and the claimant did not complain of significant difficulty lifting objects." Doc. #6-2, PageID#57. The ALJ therefore refused to adopt Dr. Rymer's opinion regarding the lifting restriction.

Dr. Roetker, who conducted two assessments of Plaintiff, opined that Plaintiff should be limited to lifting and carrying up to 5 pounds occasionally and frequently. Again, the ALJ found that this opinion was not supported by the record. He found that Plaintiff's finger impairments "would not prevent the ability to lift and carry up to 20 pounds occasionally." *Id.* at PageID#61. Dr. Roetker also opined that Plaintiff experienced a moderate impairment in handling. The ALJ found that the limitation of occasional fingering and handling with the left arm and frequent fingering and handling with the right arm were consistent with Dr. Roetker's opinion and adequately accounted for in the restriction. *Id.* The ALJ rejected Dr. Roetker's opinion that Plaintiff was unemployable.

The Magistrate Judge rejected Plaintiff's arguments that: (1) the ALJ erred in weighing his treating physicians' opinions; and (2) no medical opinion reasonably supports the ALJ's appraisal of his lifting ability. She found that the ALJ adequately explained his reasons for rejecting Dr. Rymer's opinion that Plaintiff can lift and carry ten pounds only occasionally and Dr. Roetker's opinion that Plaintiff

6

can lift no more than five pounds. With respect to Plaintiff's argument that no medical opinion supports the ALJ's findings concerning his ability to lift and carry objects, the Magistrate Judge found that the ALJ's RFC assessment was based on all of the relevant evidence in the case record and that the ALJ reasonably concluded that Plaintiff was capable of performing light work. The Magistrate Judge also found that the ALJ's failure to address Dr. Rymer's opinion that Plaintiff would be off task more than 15% of the day and would be absent more than twice a month was harmless error because Dr. Rymer provided no support for this opinion.

Plaintiff raises several Objections to the Report and Recommendations. He first argues that it is incongruous for the ALJ to reject Dr. Rymer's opinion on the basis that the right index finger injury is purportedly healed, yet include that injury in the limitations assigned for the entire period of disability. He maintains that this incongruity should be resolved via a remand.

The Court OVERRULES this Objection. The alleged incongruity is largely irrelevant. The ALJ gave good reasons for rejecting Dr. Rymer's 10-pound lifting restrictions. He found that, although the 10-pound restriction may have been valid when Dr. Rymer issued his opinion, shortly after Plaintiff injured his right index finger, there was no evidence in the record to support the continued need for this 10-pound restriction. Dr. Rymer noted that the injury had healed appropriately. The ALJ acknowledged, however, that Plaintiff continued to complain of pain in that

finger that somewhat reduced his ability to lift and carry, and to finger and handle objects. The RFC findings of ALJ reflects that acknowledgment.

Plaintiff next objects to the Magistrate Judge's opinion that the ALJ's failure to address Dr. Rymer's opinions about Plaintiff's ability to stay on task and meet attendance requirements was harmless error. Plaintiff maintains that Dr. Rymer's opinion does not appear to be contradicted by other medical opinions of record. To the extent that Dr. Rymer failed to adequately explain the basis for his opinion, Plaintiff argues that the ALJ should have sought clarification instead of ignoring it.

The Court OVERRULES this Objection also. As the Magistrate Judge noted, given the detailed discussion of other portions of Dr. Rymer's opinion, the ALJ should not be penalized for failing to discuss this portion of the opinion, given that it is completely unsupported and speculative. Doc. #11, PageID#2067 (citing *McGrew v. Berryhill*, No. 3:16-cv-220, 2017 WL 4324765, at *8 (S.D. Ohio Sept. 29, 2017)).

Plaintiff also objects to the Magistrate Judge's findings concerning Dr. Roetker's opinion that Plaintiff cannot lift more than five pounds. The ALJ found that the record did not support this limitation; the Magistrate Judge found no error. The ALJ noted that Plaintiff had "no impairment of motor deficit in the upper or lower extremities." He acknowledged that Plaintiff had a history of bilateral finger trauma, but found that this would not prevent his ability to lift and carry 20 pounds occasionally in light of otherwise normal findings. Doc. #6-2, PageID#61. Plaintiff

8

argues that Dr. Roetker's opinion must be considered in the context of her treatment notes that reflect that she had observed Plaintiff's hand deformity and referred him to Dr. Rymer.

Plaintiff's Objection is OVERRULED. The ALJ adequately explained why he rejected Dr. Roetker's opinion that Plaintiff cannot lift more than five pounds. The fact that Dr. Roetker had observed Plaintiff's condition and referred him to a hand surgeon does not negate the fact that there is no support in the record for a 5-pound lifting restriction.

Finally, Plaintiff claims that the ALJ assumed the role of medical expert and made unsupported findings regarding Plaintiff's specific lifting ability. Plaintiff notes that all agree that Plaintiff's ability to lift and carry objects is impaired; they simply disagree on the extent of the necessary restriction. According to Plaintiff, the ALJ's finding that Plaintiff was capable of lifting 20 pounds occasionally is untethered from any medical opinions in the record. Dr. Rymer and Dr. Roetker each opined that Plaintiff could lift less than half of that, and neither the state agency reviewers nor consultative examiner Dr. Oza considered Plaintiff's finger injuries. Plaintiff maintains that the Magistrate Judge erred in rejecting his argument on this issue.

The Court OVERRULES this Objection. The ALJ adequately explained why he was rejecting the 5- and 10-pound lifting restrictions suggested by Dr. Roetker and Dr. Rymer. Dr. Rymer's opinion was issued shortly after Plaintiff injured his

right index finger, but nothing in the record supported a continued need for that restriction. The ALJ noted that Plaintiff "did not complain of significant difficulty lifting objects" and the record does not indicate that he would be unable to "perform the basic exertional requirement of light work." Doc. #6-2, PageID#57. There is no documentation of grip strength weakness and Plaintiff did not complain to his doctors about dropping things. *Id.* at PageID#59. The ALJ concluded that "[t]he record simply does not document ongoing or additional objective or clinical findings consistent with significant limitations on the claimant's ability to lift and carry objects within the light exertional range." *Id.* at PageID#62.

In the Court's view, the ALJ's RFC assessment is supported by substantial evidence. He gave good reasons for rejecting the opinions of the treating physicians with respect to Plaintiff's ability to lift and carry. The Magistrate Judge properly concluded that, after reviewing all of the evidence in the record, including medical and non-medical evidence, the ALJ reasonably concluded that Plaintiff was capable of performing light work. As the Magistrate Judge noted, "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (citing *Ford v. Comm'r of Soc. Sec.*, 114 Fed. App'x 194, 197 (6th Cir. 2004)).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #11), as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, and OVERRULES Plaintiff's Objections thereto (Doc. #12). The Court concludes that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence.

Judgment shall be entered in favor of the Defendant Commissioner and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 30, 2019

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT